Kevin R. Anderson (4786)
Jocelyn J. Rick (9508)
Kellie K. Nielsen (11416)
Jocelyn J. Rick (9508)
OFFICE CHAPTER 13 TRUSTEE
405 South Main St., Suite 600
Salt Lake City, UT 84111
Telephone:   (801) 596-2884
Facsimile:    (801) 596-2898
Email: kratrusteemail@ch13kra.com

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

| In re:<br><br>    JEFFREY D GRAY<br><br>Debtor. | Case No. 11-26591<br>Chapter 13<br>Judge William T. Thurman<br>(Confirmation Hearing:  *07/19/11 at 9:30 AM*) |
|---|---|

### TRUSTEE'S OBJECTION TO CONFIRMATION

Kevin R. Anderson, Chapter 13 Trustee, hereby objects to confirmation of the Debtor's plan and in support thereof represents as follows:

1.    This is a below-median case and the Debtor's plan provides for payments of $960.00 to return 10% to nonpriority unsecured creditors.

2.    The Debtor(s) failed to timely provide the Trustee with copies of their state and federal income tax returns for the most recent tax year, which is 2010 (see § 521(e)(2)(A)(i), FED. R. BANKR. P. 4002(b)(3), and Local Rule 6070-1(c)(2)).

3.    The Debtor(s) failed to produce at the 341 Meeting statements from their financial account(s) for the period that covers the petition date (see FED. R. BANKR. P. 4002(b)(2)(A)).

4. The Debtor(s) are claiming expenses on Schedule J that are not reasonably necessary for their maintenance and support, $43 for Worldmark timeshare dues.

5. The Chapter 13 plan does not comply with §§ 1322(b) and 1325(a)(5) in that it does not provide for the following secured claims: BAC Home Loans for a second mortgage.

6. The Debtor(s) are not complying with the disposable-income test of § 1325(b)(1)-(2) because the plan proposes to retain and pay for luxury collateral, Worldmark timeshare, that is not reasonably necessary for the Debtor(s)' maintenance and support.

7. It appears that the Debtor(s)' Current Monthly Income (as that term is defined by § 101(10A)) is greater than what is disclosed on Form 22C.

8. The Trustee requests the Debtor provide a copy of the police report for items stolen and explain why no claim is to be filed to replace the stolen items.

THEREFORE, the Trustee objects to confirmation of the Debtor's plan. If the Debtor is unable to resolve the Trustee's objection by the confirmation hearing, the Trustee will move to dismiss or convert this case.

DATED: June 13, 2011.

                                           _____JR/s/_____
                                           Kevin R. Anderson, Esq.
                                           Standing Chapter 13 Trustee

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 13, 2011, a true and correct copy of the foregoing paper was served electronically via CM/ECF to the persons listed below.

>JOHN T. EVANS, ESQ.
>ECF NOTIFICATION

The undersigned hereby certifies that on June 13, 2011, a true and correct copy of the foregoing paper was addressed to the following persons and deposited in the U.S. Mail, first-class postage prepaid.

>JEFFREY D GRAY
>1307 NORTH DUTCH HIGHLAND DRIVE
>MIDWAY, UT 84049

>_____/s/_____
>Office Chapter 13 Trustee